MISSOURI PAC. RY. Co. *v.* TEXAS & P. RY. Co.[1]

*In re* DAVIS.

(*Circuit Court, E. D. Louisiana.* May 28, 1887.)

CONTRACT—COMPLETION OF—CARRIERS.

A shipper's order calling for a specific number of cars for a specified day will not, unaccepted by the carriers, constitute a contract binding on either.

On report of Master on Petition of I. T. Davis, Claiming Damages.

*Sexton & Smith* and *I. H. Kennard, Jr.*, for petitioner.

*W. W. Howe*, for receivers.

PARDEE, J. This matter has been heard on exceptions to the master's report recommending a dismissal of the claim. The master's report fairly and fully sets forth the facts as shown by the evidence, and his legal conclusions on the facts are supported at every step by the authority of adjudged cases. As the case seems to me, the claimant has failed to establish the basis of his claim for damages, to-wit, a contract with the receivers to furnish him a specified number of cattle cars on a specified day. It may be taken as granted that the receiver's station agent had authority, from the general scope of his agency, to bind the receivers in a contract to furnish cars, but it does not appear that he made any contract to that effect. A shipper's order calling for a specific number of cars for a specified day will not, unaccepted by the carriers, constitute a contract binding on either. A contract of the kind referred to will bind the carrier to furnish the cars, and the shipper to furnish the goods to load the cars.

Under the evidence it is apparent that the claimant did not intend to bind himself to furnish any certain number of cattle for shipment. In fact, he did not know, at the time of the alleged first contract, how many cattle he would have to ship, or when he would be ready to ship them; and, when he sent his order for cars, he ordered 75, when he had cattle for only 43; and at the time of the second alleged contract he again makes application for 75 cars for himself and Beal, but fixes no particular day for shipment, and when he brings the cattle in has enough only for about 40 cars.

It is therefore ordered that the exceptions to the master's report be overruled; that the said report be in all respects confirmed; and that the said intervention be dismissed.

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.